UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-24174-BLOOM/Elfenbein

WILLIAM MACHIN,

    Plaintiff,

v.

WELLS FARGO BANK, N.A.,

    Defendant.
_____/

## ORDER ON MOTION TO REMAND

**THIS CAUSE** is before the Court upon Plaintiff William Machin's Motion to Remand ("Motion"), ECF No. [7]. Defendant Wells Fargo Bank, N.A. ("Defendant") does not oppose the Motion. *See id.* at 4. The Court has reviewed the Motion, the record, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is granted, and the case is remanded.

On August 1, 2025, Plaintiff initiated this action in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, under Case No. 2025-014899-CA-01 ("State Court Action"). *See* ECF No. [1-2]. Defendant was served with process on August 25, 2025, and timely removed the action to federal court on September 12, 2025, pursuant to this Court's federal diversity jurisdiction under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a) and (b). ECF No. [1].

Thereafter, Plaintiff filed the instant Motion seeking to remand the case because his claims fail to satisfy the amount in controversy requirement necessary to establish federal subject matter jurisdiction. *See* ECF No. [7] at 1. According to Plaintiff, although the Complaint alleges that he originally sustained damages exceeding $500,000.00, the Complaint makes clear that the damages

incurred had been "substantially mitigated" by the time the action was filed, such that the damages Plaintiff is seeking "against Defendant do not exceed $75,000.00. *Id.* at 3. Plaintiff's counsel also indicated in the Motion that he had conferred with opposing counsel and "Defendant's counsel has advised that he has no objection to the relief requested in the instant motion." *Id.* at 4.

A party may remove an action from state court to federal court if the action is within the federal court's subject matter jurisdiction. 28 U.S.C. § 1441(a). Title 28 U.S.C. § 1332(a) vests a district court with subject matter jurisdiction when the parties are diverse and the amount in controversy exceeds $75,000.00. When the amount in controversy is unspecified in the complaint, "the defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (citing *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010)). "A court may rely on evidence put forward by the removing defendant [and the plaintiff], as well as reasonable inferences and deductions drawn from that evidence, to determine whether the defendant has carried its burden." *S. Fla. Wellness, Inc.*, 745 F.3d at 1315; *Hickerson v. Enter. Leasing Co. of Ga., LLC*, 818 F. App'x 880, 883 (11th Cir. 2020) ("[D]istrict courts may make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable.'" (quoting *Roe v. Michelin N. Am.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010))). In analyzing the amount in controversy requirement for federal jurisdiction, courts focus "on how much is in controversy at the time of removal[.]" *S. Fla. Wellness, Inc.*, 745 F.3d at 1315. "[T]he right of removal is strictly construed, as it is considered a federal infringement on a state's power to adjudicate disputes in its own courts." *Rietwyk v. State Farm Mut. Auto. Ins. Co.*, No. 09-CV-82433, 2010 WL 2219730, at *1 (S.D. Fla. June 2, 2010) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)).

Case No. 25-cv-24174-BLOOM/Elfenbein

Upon a review of the record, the Court agrees that Plaintiff's action does not satisfy the amount in controversy requirement. Not only does the Complaint assert that Plaintiff's damages were "substantially mitigated" at the time the action was filed in state court, ECF No. [1-2] at 5, the state court cover sheet[1] and Plaintiff's declaration both reflect that the amount in controversy does not exceed $75,000. *See* ECF Nos. [1-2], [7]. Therefore, the Court agrees that it lacks federal subject matter jurisdiction over this case and, as such, the case is remanded to the state court for further proceedings.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Motion to Remand, **ECF No. [7],** is **GRANTED**.
2. This case is hereby **REMANDED** to Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.
3. The Clerk of Court shall **CLOSE** this case.
4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on October 1, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

---

[1] Although a state court civil cover sheet alone may not be enough to determine where removal is proper, the civil cover sheet may be considered along with other additional evidence when determining the amount in controversy for the purposes of determining whether the Court has jurisdiction. *See Chase v. Holiday CVS, LLC*, Case No. 22-cv-20752, 2022 WL 2135446, at *3 (S.D. Fla. May 13, 2022) (acknowledging that "while courts have allowed defendants to rely on civil cover sheets, courts have uniformly required additional evidence in conjunction with civil cover sheets").